SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

STEPHEN DAVIDSON,

        *Plaintiff,*

v.

ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH,

        *Defendants.*

Index No.

**SUMMONS**

Date Index No. Purchased:
October 1, 2020

To the above named Defendant(s)

> ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH, 21 East 9th Street, Huntington Station, Suffolk County, New York

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is one or more Defendant resides in Suffolk County, New York, which is located in Suffolk County, New York.

Dated: New York, New York
       October 1, 2020

                                              SIMMONS HANLY CONROY LLC

                                              _____
                                              Paul J. Hanly, Jr.
                                              *Attorneys for Plaintiff*
                                              112 Madison Avenue, 7th Floor
                                              New York, NY 10016
                                              (212) 784-6401 Telephone
                                              (212) 213-5949 Facsimile
                                              phanly@simmonsfirm.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| STEPHEN DAVIDSON, *Plaintiff*, v. ST. HUGH OF LINCOLN ROMAN CATHOLIC CHURCH, *Defendant*. | Index No. **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiff Stephen Davidson, by his attorneys Simmons Hanly Conroy LLC and the Law Offices of Mitchell Garabedian, brings this action against St. Hugh of Lincoln Roman Catholic Church and alleges, on personal knowledge as to himself and on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendants pursuant to CPLR 301 and 302, in that the Defendant resides in New York.

2. This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3. Venue for this action is proper in the County of Suffolk pursuant to CPLR 503 in that the Defendant resides in this County and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this County.

## PARTIES

4. Plaintiff Stephen Davidson ("Plaintiff") is an individual residing in Florida.

5. Defendant St. Hugh of Lincoln Roman Catholic Church ("St. Hugh") is a Roman Catholic parish within and under the authority of the Bishop of Rockville Centre,

1

New York, and is a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 21 East 9th Street, Huntington Station, Suffolk County, New York.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff and his family were parishioners of and attended St. Hugh when Plaintiff was a minor child. Plaintiff served as an altar boy at St. Hugh during the time Plaintiff was approximately eleven years of age to approximately thirteen years of age.

7. Plaintiff also attended St. Hugh of Lincoln School, the parochial school affiliated with St. Hugh, for Plaintiff's 7th and 8th grade years.

8. Father Nicholas Unterstein ("Father Unterstein") was ordained a Roman Catholic priest in approximately 1966. From approximately 1966 to approximately 1971, Father Unterstein served as a priest at Defendant St. Hugh, where Plaintiff and Plaintiff's family were parishioners when Plaintiff was a minor child.

9. Through his positions at, within, or for Defendant St. Hugh, Father Unterstein was put in direct contact with members of the Plaintiff's family, including Plaintiff, a minor parishioner of Defendant St. Hugh.

10. From approximately 1968 when Plaintiff was approximately eleven years of age, to approximately 1970 when Plaintiff was approximately thirteen years of age, Plaintiff interacted with Father Unterstein in Father Unterstein's capacity as a priest at St. Hugh. Plaintiff also interacted with Father Unterstein at St. Hugh of Lincoln School.

11. Father Unterstein used such encounters, gained through his position at St. Hugh which granted him access to Plaintiff when Plaintiff was approximately eleven to approximately thirteen years of age, to sexually assault, sexually abuse, and/or have sexual contact with the Plaintiff in locations including the rectory affiliated with St. Hugh on approximately 100 occasions in violation of the laws of the State of New York. Father Unterstein also permitted and/or encouraged others to sexually assault, sexually abuse,

2

and/or have sexual contact with the Plaintiff in violation of the laws of the State of New York.

### Defendant's Responsibility for the Abuse Committed by Father Unterstein

12. At all times material hereto, Father Unterstein was under the management, supervision, employ, direction and/or control of Defendant St. Hugh.

13. Through his positions at, within, or for Defendant St. Hugh, Father Unterstein was put in direct contact with Plaintiff.

14. Father Unterstein used his position at, within, or for Defendant St. Hugh and the implicit representations made by Defendant St. Hugh about Father Unterstein's character that accompanied that position, to gain Plaintiff's trust and confidence and to create an opportunity to sexually touch Plaintiff and to permit and/or encourage others to sexually touch Plaintiff.

15. Defendant St. Hugh had the duty to reasonably manage, supervise, control and/or direct priests who served at St. Hugh, and specifically, had a duty not to aid pedophiles such as Father Unterstein by assigning, maintaining, and/or appointing them to positions with access to minors.

16. Defendant St. Hugh knew and/or reasonably should have known, and/or knowingly condoned, and/or covered up, the inappropriate and unlawful sexual activities of Father Unterstein, who sexually abused Plaintiff.

17. Defendant St. Hugh had a duty to the Plaintiff to properly supervise priests assigned to St. Hugh to ensure that those priests did not use their positions with St. Hugh as a tool for grooming and assaulting vulnerable children. Defendant St. Hugh knew or should have known that Father Unterstein used his positions with St. Hugh to sexually abuse minor children, including the Plaintiff.

### Consequences of the Abuse

18. Plaintiff suffered personal physical and psychological injuries and damages as a result of Father Unterstein's actions, as well as other damages related

3

thereto, as a result of the childhood sexual abuse Plaintiff sustained.

19. As a direct result of the Defendant St. Hugh's conduct described herein, Plaintiff suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, and physical manifestations of emotional distress. Plaintiff was prevented from obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continue to incur loss of income and/or loss of earning capacity. As a victim of Father Unterstein's sexual abuse, Plaintiff is unable at this time to fully describe all of the details of that abuse and the extent of the harm he suffered as a result.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Negligent Hiring/Retention/Supervision/Direction**

20. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant St. Hugh owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Father Unterstein in his role as priest, counselor, trustee, director, officer, employee, agent, servant and/or volunteer, to insure that Father Unterstein did not use his assigned position to injure minors by sexual assault, sexual abuse, or sexual contact in violation of the laws of the State of New York.

22. Defendant St. Hugh at all relevant times represented that its facilities were safe places for minors to attend or visit, and that its priests were individuals to whom it was safe to entrust the care of minor children. Defendant St. Hugh entered into an express and/or implied duty to safely treat Plaintiff and assumed the duty to protect and care for him.

23. Father Unterstein sexually assaulted, sexually abused, and/or had sexual

4

contact with Plaintiff when Plaintiff was a minor in locations including the rectory affiliated with St. Hugh.

24. Defendant St. Hugh negligently hired, retained, directed, and supervised Father Unterstein, though it knew or should have known that Father Unterstein posed a threat of sexual abuse to minors.

25. Defendant St. Hugh knew or should have known of Father Unterstein's propensity for the conduct which caused Plaintiff's injuries prior to, or at the time of, the injuries' occurrence.

26. Defendant St. Hugh was negligent in failing to properly supervise Father Unterstein.

27. The sexual abuse of children by adults, including priests, is a foreseeable result of negligence.

28. At all times material hereto, Defendant St. Hugh's actions were willful, wanton, malicious, reckless, negligent and/or outrageous in their disregard for the rights and safety of Plaintiff.

29. As a direct and proximate result, Plaintiff has suffered and will continue to suffer the injuries described herein.

30. By reason of the foregoing, Defendant St. Hugh is liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

SECOND CAUSE OF ACTION
Negligence/Gross Negligence

31. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein.

32. Defendant St. Hugh knew, or were negligent in not knowing, that Father Unterstein posed a threat of sexual abuse to children.

33. The acts of Father Unterstein described hereinabove were undertaken,

5

and/or enabled by, and/or during the course, and/or within the scope of his respective employment, appointment, assignment, and/or agency with Defendant St. Hugh.

34. Defendant St. Hugh owed Plaintiff, a minor at the relevant times of abuse, a duty to protect him from Father Unterstein's sexual deviancy and the consequential damages, both prior to and/or subsequent to Father Unterstein's misconduct.

35. Defendant St. Hugh's willful, wanton, grossly negligent and/or negligent act(s) of commission and/or omission, resulted directly and/or proximately in the damage set forth herein at length.

36. Defendant St. Hugh:
   a. gave improper or ambiguous orders or failed to make proper regulations, and/or employed improper persons or instrumentalities in work involving risk of harm to others;
   b. failed to adequately supervise the activities of Father Unterstein;
   c. permitted, and/or intentionally failed and/or neglected to prevent, negligent and/or grossly negligent conduct and/or allowed other tortious conduct by persons, whether or not their servants and/or agents and/or employees, upon premises or with instrumentalities under their control; and
   d. allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

37. At all times material hereto, with regard to the allegations contained herein, Father Unterstein was under the supervision, employ, direction and/or control of Defendant St. Hugh.

38. At all times material hereto, Defendant St. Hugh's actions were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff, which amounted to conduct equivalent to criminality.

39. As a direct and/or indirect result of said conduct, Plaintiff has suffered

6

and will continue to suffer the injuries and damages described herein.

40. By reason of the foregoing, Defendant St. Hugh is liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

### THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty

41. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 19 as if fully set forth herein.

42. There exists a fiduciary relationship of trust, confidence, and reliance between Plaintiff and Defendant St. Hugh. This relationship is based on the entrustment of the Plaintiff while he was a minor child to the care and supervision of the agent or servant of the Defendant St. Hugh. This entrustment of the Plaintiff to the care and supervision of the Defendant St. Hugh, while the Plaintiff was a minor child, required Defendant St. Hugh to assume a fiduciary relationship and to act in the best interests of the Plaintiff, as well as to protect him while he was a minor and vulnerable child.

43. Pursuant to their fiduciary relationship, Defendant St. Hugh was entrusted with the well-being, care, and safety of Plaintiff.

44. Pursuant to their fiduciary relationship, Defendant St. Hugh assumed a duty to act in the best interests of Plaintiff.

45. Defendant St. Hugh breached its fiduciary duty to Plaintiff.

46. At all times material hereto, the actions and/or inactions of Defendant St. Hugh were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff.

47. As a direct result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

48. By reason of the foregoing, Defendant St. Hugh is liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory

damages and for punitive damages, together with interest and costs.

WHEREFORE Plaintiff, demands judgment against the Defendants on each cause of action as follows:

A. Awarding compensatory damages in an amount to be proved at trial, but in any event in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

B. Awarding punitive damages to the extent permitted by law;

C. Awarding prejudgment interest to the extent permitted by law;

D. Awarding costs and fees of this action, including attorneys' fees, to the extent permitted by law; and

E. Awarding such other and further relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 1, 2020
New York, New York

Respectfully Submitted,

/s/ *Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
phanly@simmonsfirm.com
Jayne Conroy
jconroy@simmonsfirm.com
Trent B. Miracle
tmiracle@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016
(212) 784-6401 Telephone

8

FILED: SUFFOLK COUNTY CLERK 10/01/2020 09:48 PM                INDEX NO. 614160/2020
NYSCEF DOC. NO. 1     Case 2:23-cv-04580-JMA-ST   Document 1-1   Filed 06/20/23   Page 10 of 10 PageID #: 15   RECEIVED NYSCEF: 10/01/2020

(212) 213-5949 Facsimile

*Attorneys for Plaintiff*

Of counsel:
Mitchell Garabedian
mgarabedian@garabedianlaw.com
William H. Gordon
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250

FILED: SUFFOLK COUNTY CLERK 10/01/2020 09:48 PM                INDEX NO. 614160/2020
NYSCEF DOC. NO. 1     Case 2:23-cv-04580-JMA-ST   Document 1-1   Filed 06/20/23   Page 10 of 10 PageID #: 15   RECEIVED NYSCEF: 10/01/2020